In the Matter of ANONYMOUS, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, March 5, 1975.

84

*David E. Brennan* for petitioner.

*David P. Evans* for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on December 4, 1961. In this proceeding petitioner, the New York State Bar Association, moves for an order determining that respondent is incapacitated and appointing one or more attorneys to examine his files and that they be empowered to take any action required to protect the interests of his clients, with due regard for the interest of respondent attorney. The ground for petitioner's application is related only to his capacity to practice law by reason of mental infirmity and consequent illness and does not allege any professional misconduct by respondent.

By the order of December 14, 1974 of a Town Justice of the Town of Clarence, New York, respondent was found in need of emergency treatment and was ordered admitted to the Community Mental Health Center of the Buffalo General Hospital. The order was based upon affidavits of respondent's wife, a brother who is a physician, and the certifications of the clinical director and a counselor of the Community Mental Health Center. Respondent was hospitalized under section 31.39 of the Mental Hygiene Law. The allegations contained in all of the documents which were the bases for respondent's admission were uncontroverted and indicated that respondent was suffering from depression, that his behavior exhibited a substantial risk of physical harm to himself or others and that by reason of his mental infirmity he was incapable of conducting the profession of law. All of the information and all of the proceedings before us indicate a desire upon the part of petitioner to take this action not only to protect the public but also with due regard to the interests and welfare of respondent. This application seeks to suspend respondent from the practice of the law only during his period of incompetency and until such time as he can prove that he is competent to resume the practice of the law. Petitioner association's application is brought under sections 1022.23 and 1022.24 of the Rules Relating to Attorneys, as amended (22 NYCRR Part 1022). These rules clearly provide for the suspension of an attorney under the circumstances before us and for the appointment by us of "one or more attorneys to examine the files of the * * * incapacitated attorney. The attorneys so appointed shall be empow-

ered to take any action required to protect the interest of the clients involved, with due regard to the interests of the respondent attorney ''. The power of the court is further expressed in subdivision 2 of section 90 of the Judiciary Law in part as follows: `` The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law, and the appellate division * * * is authorized to * * * suspend from practice * * * any attorney [whose] conduct [is] prejudicial to the administration of justice ''.

The court's authority to act in this matter is expressly covered by the rules, and Chief Judge CARDOZO made it clear in *People ex rel. Karlin v. Culkin* (248 N. Y. 465, 477) that since the Constitution of 1777 attorneys may be regulated and controlled `` by rules and orders of the courts ''.

`` The language in the statute referring to conduct prejudicial to the administration of justice would seem, in any event, sufficiently broad to embrace the circumstances in this proceeding.'' (*Matter of Anonymous,* 21 A D 2d 48, 51.) The respondent should be indefinitely suspended until further order of this court. This suspension is without prejudice to the respondent to make appropriate application when and if he is able and so advised for relief from this suspension. The order of suspension will include the names of one or more attorneys whom we shall appoint to examine the files of respondent and to take any action required to protect the interests of respondent's clients.

CARDAMONE, J. P., SIMONS, GOLDMAN, DEL VECCHIO and WITMER, JJ., concur.